UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. GONZALEZ,<br><br>    Defendant. | CASE NO. 1:17-cv-01548-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 9, 10)<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action brought pursuant to 42 U.S.C. § 1983.

Before the Court are Plaintiff's motions to proceed in forma pauperis. (ECF Nos. 9, 10.)

**I.    In Forma Pauperis**

28 U.S.C. § 1915 permits a federal court to authorize the commencement and prosecution of an action without prepayment of fees by an individual who submits an affidavit demonstrating that he is unable to pay the fees. However,

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

Here, Plaintiff has incurred at least three strikes within the meaning of 28 U.S.C. § 1915(g). Plaintiff has filed numerous unsuccessful cases in the Eastern District of California under the names "Guillermo Trujillo Cruz," "Guillermo Cruz Trujillo," and "Guillermo Trujillo." The Court takes judicial notice of the following cases: (1) Cruz v. Munoz, No. 1:14-cv-01215-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 17, 2016); (2) Cruz v. Munoz, No. 1:14-cv-00976-DLB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 11, 2016); (3) Cruz v. Ruiz, No. 1:14-cv-00975-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on January 6, 2016); 4) Trujillo v. Sherman, 1:14-cv-0140-BAM (PC) (dismissed closed on April 24, 2015, for failure to state a claim, affirmed by the Ninth Circuit on February 23, 2016).

The Ninth Circuit recently held that Magistrate Judges do not have jurisdiction over a case until all parties (both served and unserved) have consented to Magistrate Judge jurisdiction. Williams v. King, 875 F.3d. 501 (9th Cir. 2017). "An error in interpreting a statutory grant of jurisdiction is not, however, equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984) (citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376-77 (1940). The dismissal of Plaintiff's prior cases by a Magistrate Judge may still be properly counted as a strike for purposes of the PLRA since those decisions have become final. See Chicot, at 375 (holding parties who had the opportunity to raise the question of invalidity of jurisdiction are bound by rulings thereunder because they failed to raise it), 376-77 (holding that decision errantly entertained under jurisdiction conferred by statute that was subsequently declared invalid could "not be assailed collaterally") (citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1876); Case v. Beauregard, 101 U.S. 688, 692 (1879); Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 319, 325 (1927); Grubb v. Public Utilities Commission, 281

U.S. 470, 479 (1930))). A District Judge in this Court has recently held that Plaintiff's specific strikes remain valid. See Hoffman v. Pulido, Case no. 1:18-cv-00209-AWI-SKO (E.D. Cal.)

All of Plaintiff's actions noted above were dismissed before February 26, 2018, when Plaintiff filed the present action. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis in this action unless at the time the complaint was filed, he was in "imminent danger of serious physical injury at the time of filing." Andrews, 493 F.3d at 1055 (internal quotation marks omitted).

## II. Plaintiff's Claims

At the time of filing his complaint, Plaintiff was incarcerated at Pelican Bay State Prison. (ECF No. 1.) He since has been returned to Kern Valley State Prison ("KVSP"), where the acts giving rise to the complaint occurred. An additional act occurred at High Desert State Prison. He names M. Gonzalez, Correctional Officer at KVSP, as Defendant.

Plaintiff's claims may be summarized essentially as follows:

From April 26, 2016 to May 10, 2016, at KVSP, Plaintiff was sexually harassed by Defendant Gonzalez who asked Plaintiff to expose himself.

Between May 10, 2016 and July 29, 2016 Defendant Gonzalez verbally threatened Plaintiff and ordered other inmates to assault him because he refused her advances.

On July 29, 2016 Plaintiff was transferred to High Desert State Prison. There, on August 01, 2016, he was assaulted because Defendant Gonzalez encouraged others to attack him.

## III. Imminent Danger Exception Not Applicable

Plaintiff fails to plausibly allege imminent danger of serious physical injury.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. McNeil v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d

1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

"[i]imminent' ... does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" Andrews, 493 F.3d at 1056 (citation omitted). "A prisoner who alleges that prison officials continue with a practice that has injured him ... in the past will satisfy the 'ongoing danger' standard and meeting the imminence prong of the three-strikes exception." Id. at 1056-57.

Here, Plaintiff states that in the past Defendant Gonzalez sexually harassed him and threatened him. There are however no allegations of any ongoing threats or plausible claim of ongoing danger.

Plaintiff does allege he was the victim of an assault on August 01, 2016 at High Desert Prison which he claims was at the direction or request of Defendant. However, providing no basis for his claim that Defendant instigated the assault, it appears to be based on mere supposition, simple speculation. Even if there were reason to suspect Defendant motivated that assault more than one and one half years ago, its age suggests it was a onetime event not likely to reoccur.

Accordingly, his application to proceed in forma pauperis should be denied.

**IV.    Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions to proceed in forma pauperis be DENIED, and that Plaintiff be required to pay the filing fee in full

before proceeding in this action.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 22, 2018          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE