UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>M. GONZALEZ,<br><br>Defendant. | No. 1:17-cv-01548-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, AND REQUIRING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(Doc. No. 39) |

Plaintiff Guillermo Trujillo Cruz, a state prisoner, proceeds *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 16, 2019, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's *in forma pauperis* be revoked and that plaintiff be required to pay the $400.00 filing fee in full to proceed with this action because (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g) and (2) the allegations in plaintiff's complaint to do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 39.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2.) After

requesting and receiving an extension to file his objections, plaintiff filed objections on August 5, 2019.  (Doc. Nos. 41, 42, 43.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.[1]

/////

Plaintiff's only objection to the findings and recommendations is that he qualifies for the "imminent danger of serious physical injury" exception to dismissal under § 1915(g).  As the pending findings and recommendations note, however, the allegations set forth in plaintiff's complaint are insufficient to trigger the exception.  Plaintiff's complaint alleges that a correctional officer sexually harassed him and threatened him when he declined her advances, but he does not allege that he is currently at risk of physical harm.  Neither the allegations of plaintiff's complaint nor his objections to the pending findings and recommendations evince an "imminent danger of serious physical injury" at the time the complaint was filed.  28 U.S.C. § 1915(g); *see Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (defining imminent to refer not "only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head'") (citations omitted); *see also id.* at 1053 ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting that § 1915(g) is available for "genuine emergencies" where "time is pressing" and a threat is "real and proximate").  Indeed, in his objections, plaintiff acknowledges that he "knows

---

[1] Three dismissal orders relied upon as strikes under § 1915(g) by the magistrate judge in this case were issued by magistrate judges following only the consent of the plaintiff to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Subsequent to those orders, the Ninth Circuit issued its opinion in *Williams v. King*, 875 F.3d 500, 504–05 (9th Cir. 2017), in which the court held that absent the consent of all parties, including unserved defendants, magistrate judges lack the authority to enter dispositive decisions including orders of dismissal. Nonetheless, the Ninth Circuit has now determined that orders of dismissals issued by magistrate judges without the consent of all parties may later be properly counted as strike dismissal under § 1915(g) even in the wake of the holding in *Williams*. *Hoffman v. Pulido*, 928 F.3d 1147, 1150–51 (9th Cir. 2019).

that sexual harassment and verbal threats alone do[] not cause [him to qualify for the imminent danger exception]." (Doc. No. 43 at 2.) Plaintiff's complaint fails to make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Cervantes*, 493 F.3d at 1056 (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). The court therefore concludes that plaintiff does not qualify for the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)

Finally, before the pending findings and recommendations were issued, plaintiff filed a separate motion to proceed *in forma pauperis* in this action. (*See* Doc. No. 38.) Having concluded that plaintiff is subject to the three-strikes bar and that he does not qualify for the imminent danger exception to that bar, plaintiff's motion to proceed *in forma pauperis* will be denied.

Accordingly:

1. The findings and recommendations (Doc. No. 39) issued on July 16, 2019 are adopted in full;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's *in forma pauperis* status is revoked;

3. Within **twenty-one (21) days** following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action. If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed;

4. Plaintiff's separate motion to proceed *in forma pauperis* (Doc. No. 38) is denied; and

5. The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **December 4, 2019**

UNITED STATES DISTRICT JUDGE

3